(Superior Court of Cincinnati.)

General Term, March, 1898.

THOMAS J. EMERY AND JOHN J. EMERY v. STEPHEN COLES.

---

Secs. 822-3-84, Rev. Stat., (Smith & Benedict), regulating "the construction of buildings within any city of the first grade of the first class" by permitting cellar excavations to the full depth of twelve feet below the established grade of the street whereon the street abuts, is a law of a general nature, without uniform operation throughout the state, and is therefore unconstitutional.

But sec. 2676, Rev. Stat., (Smith & Benedict), imposing liability for damages to any wall by reasons of excavation upon the adjoining lot to a greater depth than nine feet, does not come within the constitutional inhibition, because of its applicability wherever within the state people dig cellars immediately adjacent to the walls of their neighbors.

[COPYRIGHT, 1898, BY CARL G. JAHN.]

JACKSON, J., Hunt & Wright, JJ., concur.

The questions here presented arise upon demurrer to the petition, which demurrer was overruled by the court below.

The defendant in error, plaintiff below, seeks in said petition to recover the sum of three hundred dollars ($300), being the amount which it is alleged he was compelled to expend in order to protect the wall of his house on Longworth street from a threatened injury, caused by plaintiffs in error excavating a cellar on adjoining property to a greater depth than nine feet below the curb of the street.

The petition alleges that the plaintiff is the owner of a certain lot of land on Longworth street in Cincinnati, upon which he had erected in 1887, a certain three-story brick dwelling house; and that the east foundation wall of said building, which stood upon the east line of said lot, extended down into the earth nine feet, and no more, below the established curb of the street at that point.

The petition further alleges, that the defendants caused to be dug a cellar upon adjacent property, owned by said defendants, up to and along the east line of plaintiff's said lot, to a depth of twelve feet below the established grade of Longworth street at that point; and that by reason of such excavation by defendants the plaintiff was compelled to extend the foundation wall along the east line of his lot three feet deeper into the earth in order to prevent his house from falling; and that in thus extending his wall, and in taking other necessary steps to protect the same, he was compelled to expend the said sum of $300.

It is not claimed in the petition that any injury was done to the lot itself, or that any falling of earth from plaintiff's lot over and upon defendant's lot was caused by reason of the excavation complained of.

Nor is it alleged that the defendants below were wanting in due care or skill, or that they were guilty of any positive act of negligence in making said excavation.

The demurrer, therefore, admitting the facts of the petition to be true, raises two questions for our determination. The first is as as to the constitutionality of sec. 16, of the act of February 28, 1888, 85 Ohio Laws, 34, which is sec. 8223-84, Smith & Benedict's Revised Statutes, being part of "An act to regulate the construction of buildings within any city of the first grade and first class," etc. The latter part of the section is as follows: "Such owner or possessor may dig or cause to be dug any such cellar, pit or excavation, to the full depth of any foundation of any building upon the adjoining lots, or to the full depth of twelve feet below the estab-

lished grade of the street wherever such lot abuts, without reference to the adjoining foundation walls, without incurring the liability prescribed in this chapter."

Plaintiffs in error rely upon this section as a complete defense to any right of recovery herein.

But it is contended by the defendant in error, that said sec. 16, is unconstitutional in that, being a law of a general nature and being applicable only to cities of the first grade and first class, it is therefore in conflict with sec. 26, art. 2, of the constitution of this state, which provides that "all laws of a general nature shall have a uniform operation throughout the state."

The second question is, as to the constitutionality of sec. 2676, Revised Statutes of Ohio, (Smith & Benedict's Ed.), which imposes upon the owner of any lot or land, in any city or village, a liability for damages caused to any wall, etc., upon an adjoining lot by reason of an excavation to a greater depth than nine feet.

It is the contention of plaintiffs in error, that if secs. 8223-84 (having reference to excavations of twelve feet in cities of the first grade, of the first class) be a law of a general nature and lacking the constitutional requirement of uniformity; so also must sec. 2676 (having reference to excavations of nine feet in all cities and villages), be unconstitutional for the same reason.

From this it is argued that the defendant in error is without any remedy, inasmuch as there is no common law right to recover for an injury done to a building or artificial structure placed upon the land of one person, by reason of an excavation upon the land of another, unless there has been a want of due care or skill, or some positive act of negligence.

In the case of Keating v. Cincinnati, 38 Ohio St., 149, the Supreme Court very clearly lays down the rule that, at common law, in the absence of negligence, a property owner is. in cases of excavations upon adjoining propertty, limited to injuries caused to the land itself, and that he can not recover for damages by the same means to artificial structures.

If, therefore, secs. 8223-84, be constitutional, if affords a defense to the claim set forth in the petition. And if this section be unconstitutional, and if sec. 2676 be likewise unconstitutional, it must follow that the defendant in error is without a remedy in this case either at common law or by statute. In other words, the petition does not state a cause of action unless it appear that secs. 8223-84, is unconstitutional, and that sec. 2676, is constitutional.

If both of these contentions on the part of the defendant in error be cor-

rect, the demurrer was properly overruled; otherwise, it was not.

First, as to the constitutionality of sec. 8223-84. This section has been declared unconstitutional by the Common Pleas Court of this county in the case of Hall v. Kleeman, reported in 4th Nisi Prius Reports, p. 201, and also by the court below in overruling the demurrer to the petition in this case. Plaintiffs in error contend that these rulings are erroneous, and in support of this position rely upon a long line of decisions by the Supreme Court of this state upholding the validity of laws relating to the classification of cities, not only with respect to their organization, but also with respect to the construction of streets and sewers therein; and also to certain other decisions upholding the validity of laws relating to a particular classification of cities where it appeared that a especial need existed in such cities for such laws not common to the rest of the state.

Of the former class of cases we may mention particularly, the case of Cincinnati v. Connor, 55 Ohio St., 82, where there was drawn in question the validity of an act providing that in cities of the first grade of the first class, and in corporations in counties containing a city of the first grade of the first class, a tax or assessment might equal twenty-five per cent. of the value of the lot or land "after the improvement is made."

It was contended that the act was unconstitutional, because in other parts of the state the property could only be assessed for twenty-five per cent. of the value of the property as assessed for taxation. The court sustained the validity of the act, and in doing so said:

"That the power to contruct sewers and levy assessments for their cost may be appropriately conferred on municipal corporations is not questioned; and legislation applicable to classes of such corporations as they are designated in the statute under consideration, has been uniformly sustained by the decisions of this court, and so often that we deem it unnecessary to enter upon the discussion of the question here."

And so in The State, ex rel. v. Baker, 55 Ohio St., 1, the Supreme Court again upheld the classification of cities for the purpose of legislation based on population, and further held that, "A statute made applicable to a particuar class so formed, though it confer corporate powers, is not a special act." Such must be regarded as the settled law of this state.

In the case of Hixson v. Burson, 54 Ohio St., 481, the Supreme Court seems to have laid down a contrary rule as to counties, and has, in that case, made use of expressions that would indicate that all laws upon general subjects, that is such as may exist in and affect the

people of every county in the state, are laws of a general nature requiring uniformity of operation. But this court in the cases of Emery and others v. Cincinnati, reported in 38 W. L. B., 222, which involved the validity of the alley improvement laws, in reviewing and commenting on the above case, said:

"Whether the logic of these decisions carried to its natural result would require that the law under consideration here should be declared unconstitutional, is a question we are not at liberty to determine, for the reason that the Supreme Court has declared that by these decisions it did not intend to overrule its long line of previous decisions upholding the classification of cities, not only with respect to their organization, but also with respect to the construction of streets and sewers therein."

But giving the rules as applied to cities of certain designated classes its full force, we do not think the case at bar comes within its reason.

The act in question is not one relating to the classification or organization of cities of a certain designated class, or to the improvement or construction of streets or sewers therein. It is not an act conferring upon the municipality any powers or obligations which the legislature, in its discretion, might say that the special needs of a certain class of municipalities might require, and such as would, therefore, be sustained under the rulings in the cases of Cincinnati v. Conner and State, ex rel. v. Baker, contra.

On the contrary, the act is one affecting only the private rights and obligations of property owners in cities of one designated class. It purports only to regulate the relations of individuals to each other by giving to owners of property in cities of the first grade and first class, the right to excavate to the depth of twelve feet without incurring liability therefor, while in all other cities and in villages of the state, the owner is expressly made liable for injuries occasioned by excavating to any depth in excess of nine feet. In other words, the act makes one exception to the rule of common law in cities of the first grade and first class, while in all other cities and in villages another exception to the rule of common law is made applicable by another act.

In this we think the act in question falls clearly within the rule announced by the Supreme Court in the cases of Commissioners v. Rosche, 50 Ohio St., 103; Gaylord v. Hubbard, 56 Ohio St., 25, and Cincinnati v. Steinkamp, 54 Ohio St., 284. In the latter case there was involved the validity of a section of the act in question, which required that, in cities of the first grade of the first class, all buildings (save private residences) of three or more stories in height, should

be provided with suitable fire escapes, and for the imposition of a fine, etc., upon failure by the owner or occupant to put up such fire escapes within thirty days' notice by the fire inspector. The court held the act unconstitutional, and in so doing, said:

"While the subjects to be acted upon by the statute under consideration, are persons and buildings, the object of the statute is the protection of persons from the dangers of fire. * * * Protection of life and limb, it would seem, is not a local matter, but is a matter of general public interest, in which every person in the state coming within the category of people exposed to dangers intended to be guarded against, is equally interested with every other such person."

Again, on page 296, it is said: "If any reasons of a local character exist which require this legislation for Cincinnati which do not apply with equal force to other portions of the state, none appear upon the surface, and certainly none have been suggested."

Again, on page 295, it is said: "A law is not of uniform operation if it exempts a portion of those coming within its terms; that is, if it confers privileges or imposes burdens, upon some of a class answering the description, which are not conferred or imposed upon all others belonging to the same category."

In Gaylord v. Hubbard, supra, there was involved the validity of an act providing for the appointment of a board of equalization and assessment in cities of the second grade of the first class. The court held the act unconstitutional, and said, pp. 36 and 37:

"The only practicable rule on the subject, is that which requires each case as it arises to be placed in the one class or the other as the common understanding of mankind may dictate."

Again the court said: "A subject of more wide-spread interest can hardly be conceived. It directly concerns every owner of a parcel of land within the state, and indirectly the owner of every other species of property liable to taxation. * * * According to the generally received notions of mankind, a subject is general wherever it relates to interests so extensive, and to persons so numerous."

In Commissioners v. Rosche, 50 Ohio St., 113, the court said:

"The subject of the statute under consideration is the right of the tax payer, who has paid taxes upon property exempt from taxation, to recover from the public the money thus paid, and its object is to ameliorate the supposed harshness of the existing law in this particular. The rights of the tax-payer in this respect, should be uniform throughout the state, which result can be attained only by a statute designed to act impartially upon every person who may bring

himself within its beneficent provisions."

In that case, therefore, the act which related only to counties containing a city of the first grade of the first class, was held unconstitutional.

The case at bar must also be distinguished from the other line of cases cited and relied upon by plaintiffs in error. The first of these cases is that of McGill v. The State, 34 Ohio St., 228 where the Supreme Court upheld the constitutionality of an act providing for a mode of selection of juries, which act could under the circumstances apply to Cuyahoga county alone.

The second, is that of Marmet v. The State, 45 Ohio St., 63, where the court sustained a law providing that in cities of the first grade, of the first class, proprietors of theaters, of livery stables, etc., and owners of vehicles used upon the streets of the city, should pay a license as provided therein. It is argued by counsel for plaintiffs in error, that in each of these cases, and particularly in the latter, there existed the same principle of the right to legislate by a local act upon matters affecting purely private rights which might have been made the subject of a general act, as there exists in the case at bar.

But in commenting upon these cases, in the case of Cincinnati v. Steinkamp, supra, the Supreme Court said, that the laws there in question were sustained, because it was considered in those cases that a special need for such legislation appeared to exist in the localities named. We do not infer from these cases that the legislature has the absolute right to determine when the wants of a particular community demand laws upon general subjects affecting private rights and duties different from the law prevailing in the rest of the state.

On the contrary, we must infer that such showing was made to appear to the court upon the hearings of the Marmet and McGill cases. At least, such seems to have been the interpretation which the Supreme Court gave to these cases in the Steinkamp case. The rule seems to be as stated in State v. Shearer, 46 Ohio St., 275, that "a law is not necessarily of a general nature merely because it is upon a general subject, or because the same result might have been reached by a general law." But we think that the court, and not the legislature, must be the tribunal to determine if there exists any special need for legislatiton upon a general subject affecting only individual rights and obligations applicable only to a particular locality. If no such special need is apparent to the court, then legislation upon general subjects must be by general laws having a uniform operation throughout the state upon all persons brought within that category.

Laws relating to the organization of cities of certain classes, and to the construction of streets and sewers therein, stand in this respect upon a different footing from those which affect only private rights and obligations, and impose special privileges or burdens upon the people therein. As to the former, the Supreme Court has held that the legislature must judge of their necessity for particular localities only. But as to the latter class of laws, to permit the legislature to determine the question for itself, would defeat the purpose of the constitutional requirement. As said in Gaylord v. Hubbard, 56 Ohio St., 35:

"This view of the subject also denies to the General Assembly the power to conclusively determine whether a subject upon which they are about to legislate is general or local in its nature. If such subject is, in its nature, general, its character can not be changed by legislative declaration. If this result could be brought about in that way, all that would be necessary to the validity of a local statute dealing with a general subject, would be by a prior declaration that the subject was local."

Further, the court said that: "Each case, as it arises, must be placed in the one class or the other, as the common understanding of mankind may dictate."

In the case at bar, we must say that there does not appear to exist any special reason why the act in question should be limited to Cincinnati. The subject is of a general nature affecting a large portion of the people of the state. All those whose convenience or interest may require that they should excavate upon their property immediately adjacent to the walls of their neighbors, and all persons whose walls or buildings it might be reasonable to suppose might be affected by excavations upon adjoining property, have an equal and a common interest. The act in question does not operate upon every person brought within the relation and circumstances provided for, and being therefore, an act of a general nature, is void for want of uniformity.

Sec. 2676, providing that the owner may recover for injuries to his walls by excavations below the depth of nine feet, and which applies to all cities and villages in the state, while a law of a general nature is not void for want of uniformity. There is every reason why such law should be made applicable to all cities, and possibly to villages, in fact, wherever, according to the common experience of mankind, people dig cellars, etc., immediately adjacent to the walls of their neighbors. But the necessity for such a law is obviously lacking for sparsely settled portions of the state. In the Steinkamp case, it was said·

"It is sufficient, the authorites coincide in holding, if the law operates upon

every person brought within the relation and circumstances provided for, and in every locality where the conditions exist.''

According to common experience, the circumstances provided for by the act in question, do exist in all populous cities and possibly villages, but they do not exist in hamlets and in the country.

It follows that sec. 8223-84, is unconstitutional, and that the action of the court below in overruling the demurrer to the petition and in rendering judgment against plaintiff in error, must be affirmed.

Herbert Jenney, for plaintiffs in error.

Franklin T. Cahill, contra.